UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:11-cv-0428-BO

PATRICK COLLINS, INC.,

    Plaintiff.

v.

JOHN DOES 1-44,

    Defendants.

### PLAINTIFF'S MOTION TO EXTEND TIME PERIOD FOR SERVICE OF SUMMONS AND COMPLAINT ON DOE DEFENDANTS

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff, Patrick Collins, Inc., moves for entry of an order extending the time within which Plaintiff has to serve Doe Defendants with a Summons and Complaint, and states:

1. This is a copyright infringement case against Doe Defendants known to Plaintiff only by an IP address.

2. The true identities of the Doe Defendants are known by their respective internet service providers ("ISPs").

3. Plaintiff served all of the Doe Defendants' ISPs with third party subpoenas demanding that the ISPs provide identifying information for the Doe Defendants. Although the due date for these subpoenas was October 24, 2011, several of the Doe Defendants' ISPs responded well after this deadline.

4. The deadline to effectuate service on Doe Defendants is currently December 13, 2011. One ISP has not yet produced all of the subpoenaed information and has indicated to the undersigned that that it require additional time to produce the identifying information.

5. Further, Plaintiff requires an additional extension of time within which to effectuate service in order to more efficiently prosecute its infringement claims against the Doe Defendants, as is further explained below.

6. Plaintiff would initially emphasize that the Copyright Act was specifically amended to deter copyright infringement over peer-to-peer networks by providing remedies to victims of infringement, by raising the amount of statutory damages available to a Plaintiff. See Copyright Act, 17 U.S.C. § 101, et seq.; see also Sony BMG Music Entertainment v. Tanenbaum, 2011 WL 4133920, at *4 (1st Cir., September 16, 2011) (quoting the legislative of the Digital Theft Deterrence and Copyright Damages Improvement Act of 1999).

7. At the time of filing this action, Plaintiff believed it would be possible to obtain the identifying information of Doe Defendants and serve them within 120 days. Pursuant to this belief, Plaintiff prepared Rule 26(f) reports to be ready when service was complete.

8. Plaintiff has since learned that it is frequently impossible to obtain such identifying information within 120 days.

9. Further, even when Plaintiff is able to obtain the identities within 120 days, Plaintiff has learned it is not possible to complete its settlement and investigatory discussions with the vast majority of Doe Defendants within this 120 day window, the bulk of which is taken up by the process of merely obtaining the identities.

10. Indeed, the parties' settlement discussions have proven to be a time consuming and labor intensive process that depending on the Doe take anywhere from one fifteen minute conversation to several months. Through this process, Plaintiff and many of the Doe Defendants amicably resolve their disputes without the need for further litigation. Thus, the pre-service conversations and negotiations save everyone time, energy and money.

11.     Ultimately, Plaintiff will deduce the universe of recalcitrant infringers that it wants to proceed against.  When that happens, Plaintiff intends to serve the recalcitrant infringers and is ready with offensive discovery, offensive and defensive experts, and many of the other papers that will be necessary to move this case rapidly through the litigation process toward trial.

12.     The Court should also know, that in some instances where, for example, a particular Doe Defendant's infringement has been particularly egregious or extensive, Plaintiff may choose to sue such Doe Defendant individually for infringing several of Plaintiff's works or in combination with other studios whom undersigned represents as additional Plaintiffs.

13.      To explain, many Doe Defendants have infringed not only Plaintiff's copyrights (often many of them) but also other studios' copyrights.  IPP, Limited tracks many of these studios' movies.  Performing this analysis takes time, and is only done if the Doe Defendant refuses to settle for a reasonable amount early in the process.

14.     Any individual suit would remain, however, related to the instant action because of the nature of joint and several liability among the peer-to-peer infringers in this case, and the same series of infringements of the subject Work in this case.

15.     Plaintiff has found that the foregoing strategy most efficiently resolves the numerous cases Plaintiff must file to protect its copyrights, protects the interests of the Doe Defendants. Further, it is consistent with national public policy favoring settlements.  See Marek v. Chesny, 473 U.S. 1, 11 (1985) (stating that Rule 68's policy of encouraging settlements in federal cases "is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits").

16. Specifically, such strategy affords each Doe Defendant with an opportunity to investigate whether he or she desires to challenge a specific claim, and does so in a way that respects each Doe Defendant's confidentiality during the investigation and settlement process.

17. Plaintiff, therefore, respectfully requests that the time within which it must serve the Doe Defendants be extended an additional thirty (30) days, or until January 12, 2012. This will give Plaintiff and the Defendants an adequate amount of time to go through the process of talking with each other regarding the possibility of settlement, and if no such settlement is possible, to prepare their claims and defenses.

18. In the alternative, Plaintiff would be amenable to dismissing the instant case after discovery of all the Doe Defendants' identifying information is obtained without prejudice and pursuing its alternative plan of filing a new case(s) against the Does with whom it has not settled and against whom it desires to pursue it claims after the above described work has been completed.

WHEREFORE, Plaintiff respectfully requests that the time within which it must serve the Doe Defendants be extended until January 12, 2012.

Dated: December 13, 2011

LAW OFFICE OF JAMES C. WHITE, P.C.

/s/ *James C. White*
James C. White
N.C. Bar # 31859
P.O. Box 16103
Chapel Hill, NC 27516
jimwhite@jcwhitelaw.com
(919) 313-4636
(919) 246-9113 fax

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2011 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *James C. White*