UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| PATRICK COLLINS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 5:11-cv-428-BO |
| TEENA JACKSON-HARDISON AND | ) |
| SHARRON HILDEBRANT, | ) |
| | ) |
| Defendants | ) |

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

THIS CAUSE is before the Court on Plaintiff's Motion for Default Judgment ("Motion"). Having considered the Motion, being otherwise duly advised in the premises, and good cause appearing, the Court hereby

**FINDS**:

1. The address of Plaintiff is:

    PATRICK COLLINS, INC.
    8015 Deering Avenue, Canoga Park, California

2. The address and of Defendant is:

    Teena Jackson-Hardison
     5917 Roteny Ct.
    Raleigh. NC 27610

3. This Court has jurisdiction over the subject matter of this case and the parties.

4. Venue is proper in this District.

5. The Complaint states claims for direct copyright infringement, in violation of 17 U.S.C. § 106, and contributory copyright infringement upon which relief may be granted against Defendant.

6. Defendant failed to plead or otherwise defend against Plaintiff's Complaint in this action.

7. Default was entered as to Defendant on June 14th, 2012.

8. Defendant is not a minor, incompetent person or in active military service.

9. By reason of default, Defendant has admitted the truth of the allegations in Plaintiff's Amended Complaint.

10. Under Count I of the Amended Complaint, Defendant is hereby found liable to Plaintiff for willfully committing direct copyright infringement.

11. Under Count II of the Amended Complaint, Defendant is hereby found liable to Plaintiff for willfully committing contributory copyright infringement.

12. Defendant will continue to cause Plaintiff irreparable injury that cannot fully be compensated or measured in money. Specifically, there is an existing threat of continued violations of Plaintiff's exclusive rights to reproduce, distribute, perform and display the following copyrighted motion picture: "Cuties 2" (the "Works") through Defendant's use of the BitTorrent protocol to upload and download the Works between and among peer users without authorization from Plaintiff.

13. Any injury to Defendant caused by entry of a permanent injunction would be a result of Defendant ceasing the infringement of Plaintiff's Work.

14. Entry of a permanent injunction against Defendant is in the public interest because it "preserv[es] the integrity of copyright laws which encourage individual effort and creativity by granting valuable enforceable rights." *DSC Communications Corp. v. DGI Technologies*, 898 F. Supp. 1183, 1196 (N.D. Tex. 1995).

15. In accordance with Rule 65(d), Federal Rules of Civil Procedure, this Default Judgment shall be binding upon Defendant and all other persons in active concert or participation with Defendant who receive actual notice of this Default Judgment.

16. Plaintiff has submitted a Declaration demonstrating that Plaintiff expended $2,593.90 in attorney's fees and costs, which amount this Court finds reasonable.

Based on the foregoing findings, it is:

**ORDERED AND ADJUDGED** that Defendant:

(a) shall pay to Plaintiff the sum of $30,000.00 in statutory damages, as authorized under 17 U.S.C. § 504(c)(1), and $2,593.90 for attorneys' fees and costs, as authorized under 17 U.S.C. § 505, making a total of $32,593.90, *for which let execution issue forthwith*;

(b) shall pay to Plaintiff post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961 as of the date of this Default Judgment until the date of its satisfaction;

(c) be and hereby is enjoined from directly, contributorily or indirectly infringing Plaintiff's rights under federal or state law in the Works, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff.

(d) be and is hereby ordered to destroy all copies of Plaintiff's Works that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization, and shall destroy all copies of the Works transferred onto any physical medium or device in Defendant's possession, custody, or control.

(e) The Court shall retain jurisdiction over this action for six months or until the judgment is satisfied to entertain such further proceedings supplementary and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Default Judgment.

**DONE AND ORDERED** this \_\_\_\_ day of _____, 2012.

By: _____
UNITED STATES DISTRICT JUDGE